William MALIHA, Plaintiff–Appellant,

v.

Frank P. FALUOTICO and Sara G. Maliha, Defendants–Appellees.

No. 07–1106–cv.

United States Court of Appeals, Second Circuit.

June 20, 2008.

Michael H. Sussman, Sussman & Watkins, Goshen, NY, for Appellant.

Michael T. Snyder, Maynard, O'Connor, Smith & Catalinotto, LLP, Albany, NY, for Appellee Frank P. Faluotico.

Stephen L. Molinsek, Friedman and Molinsek, P.C., Delmar, NY, for Appellee Sara G. Maliha.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB, Circuit Judge, and Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.*

### SUMMARY ORDER

Plaintiff–Appellant William Maliha ("Maliha") appeals from an order of the United States District Court for the Northern District of New York (Kahn, *J.*) granting summary judgment in favor of Defendants–Appellees, Frank Faluotico ("Faluotico") and Sara Maliha ("Sara Maliha").

The district court granted summary judgment for defendants in this 42 U.S.C. § 1983 action, ruling that probable cause supported Maliha's arrest. We assume the parties' familiarity with the underlying facts, the procedural history and the issues presented for review.

Maliha contends that the district court erred in granting summary judgment because [1] there is a genuine dispute as to whether there was probable cause to arrest him; and [2] defendants' falsification of official documents deprived Maliha of substantive due process.

We review a grant of summary judgment *de novo*. *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 579 (2d Cir.2006). "[S]ummary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted).

■ Maliha argues that the district court failed to draw all permissible factual inferences in his favor because the court ignored his version of events and tape recordings of Faluotico's conversations with other members of the police force. Maliha claims that the recordings reveal that Faluotico deployed false statements and "baseless exaggerations" to precipitate Maliha's arrest.

"There can be no federal civil rights claim for false arrest where the arresting officer had probable cause." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir.1995). "[P]robable cause to arrest constitutes justification and is a complete defense to an action for false arrest." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996) (internal quotation marks omitted).

■ Under New York law, "[a] person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person ... [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same...." New York Penal Law § 240.26(1). It is undisputed that in their daughter's presence, Maliha held Sara Maliha's wrists, pinned her arms against her side, pushed her along the kitchen counter so that her head struck a cabinet door, prevented her from calling 911, and caused her to flee to a neighbor's house. It is also undisputed that Sara Maliha told a responding officer that she was afraid to return home that evening. In addition, Faluotico knew that Maliha kept guns in the house.

The police were entitled to rely upon Sara's nearly contemporaneous account of the altercation. *See Singer*, 63 F.3d at 119 ("An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or infor-

---

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

mation charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity."); *see also Lee v. Sandberg,* 136 F.3d 94, 102–03 (2d Cir. 1997) ("Probable cause exists 'when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" (quoting *Singer,* 63 F.3d at 119)).

Maliha contends that there was "a valid explanation for his actions"—self-defense—and that Faluotico did not personally investigate the incident beyond his phone call with Sara Maliha. *See Jaegly v. Couch,* 439 F.3d 149, 153 (2d Cir.2006). However, neither Faluotico nor John Sperath were "required to explore and eliminate every plausible claim of innocence before making an arrest." *Id.* Maliha further contends that Faluotico was motivated by a personal grudge. But probable cause is an objective inquiry. *Lee,* 136 F.3d at 103 n. 5 ("The [officer's] motivation to arrest plaintiff is irrelevant to the question of probable cause."). The district court therefore correctly concluded that no reasonable juror could find that probable cause was lacking, and it properly dismissed Maliha's false arrest claim.

[2] Maliha contends that defendants falsified official documents by exaggerating the evidence and making slanderous statements about Maliha to officers in order to deny him a fair trial, thereby depriving him of substantive due process.

Where "the Fourth Amendment provides an explicit textual source of constitutional protection against [a type] of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analy[sis]...." *Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865,

104 L.Ed.2d 443 (1989). Maliha's substantive due process claim thus merges with his Fourth Amendment claim because the former claim arises from the same set of actions that allegedly violated his Fourth Amendment rights; Maliha himself relies extensively on Faluotico's purported falsifications as evidence that probable cause was lacking. As such, the district court properly dismissed Maliha's substantive due process claim.

The district court properly dismissed Maliha's claims against Sara Maliha because Maliha's arrest was constitutional. *See Pangburn v. Culbertson,* 200 F.3d 65, 72 (2d Cir.1999) (stating that a § 1983 conspiracy requires, *inter alia,* "an agreement ... to act in concert to inflict an *unconstitutional* injury") (emphasis added).

We have considered Maliha's remaining claims and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**